[No. 1255.]

STEWART LAWSON v. THE STATE.

1. AGGRAVATED ASSAULT AND BATTERY—VENUE—INFORMATION.—That the venue of the offense was alleged in the complaint upon which the information was founded, will not supply the omission of such an allegation in the information itself.

2. SAME.—Where the ground of aggravation is that the injured party was a female, and the accused a male, the omission of the word "adult" before "male" is fatal to the sufficiency of the information.

APPEAL from the County Court of Morris.  Tried below before Hon. J. T. Mosely, County Judge.

The information was designed to charge the appellant with an aggravated assault and battery upon the person of Laura Lawson, a female.  The motion to quash the information being overruled, the appellant was placed upon his trial, convicted, and a fine of twenty-five dollars assessed against him as punishment.

The statement of facts repeats a somewhat frequent chapter in the history of conjugal life.  The injured party, who was the wife of the defendant, was the only witness in the case.  She declared that she had repented of her precipitate action in reporting her husband to the agents of the law, and protested her unwillingness to testify against him, now that he was overtaken by misfortune, but the court's significant suggestion that an apartment in the county jail was at disposal proved a stronger influence than her affection, and she consented, under protest, to affirm.  Her narrative was short and to the point.  On the day alleged, the defendant picked up some corn from the ground, which the witness proceeded immediately to pour back upon the ground.  Thereupon the defendant struck her on the head and arm with a board and stick, the last, or the blow on the arm,

drawing blood. This was a purely private interview, there being no witnesses present.

The motion for new trial declared the verdict unsupported by law or evidence, and maintained that the court erred in requiring the defendant's wife to testify for the State over her protest.

The motion in arrest of judgment raised the questions involved in the rulings of this court.

*J. M. Moore*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant was convicted of an aggravated assault and battery. The information fails to charge the venue. The venue, however, is alleged in the complaint. Does this cure the information? We are of the opinion that it does not.

The fifth subdivision of the requisites of an information requires that "it must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed." This must appear from the information itself, and not from any other source.

The conviction for aggravated assault and battery is fatally defective upon another ground. The defendant is charged with an aggravated assault and battery upon a female. The information alleges that he is a male, omitting "adult." There are no other grounds of aggravation alleged.

The judgment is reversed and the information quashed.

*Reversed and dismissed.*

Opinion delivered October 25, 1882.